UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KERRICK ROACHE,

               Petitioner,

        - against -

ROBERT ERCOLE,

               Respondent.

**OPINION & ORDER**

**06 Civ. 4059 (RMB) (RLE)**

**To the HONORABLE RICHARD M. BERMAN, U.S.D.J.:**

### I.  INTRODUCTION

On June 28, 2001, petitioner, Kerrick Roache ("Roache"), was convicted of murder in the second degree and criminal possession of a weapon in the second degree. Petition Under 28 U.S.C. § 2254 ("Pet.") ¶ 3. He was sentenced to an indeterminate term of twenty-five years to life imprisonment on the murder charge, and a determinate term of ten years in prison on the weapons charge, to be served consecutively. **Id**. ¶ 4. On May 4, 2007, the undersigned recommended that the petition be denied. Report and Recommendation, May 4, 2007. On May 25, Roache requested, and was granted, an extension, and his objections to the report and recommendation were due on June 29. On June 12, Roache moved to stay the petition. In his motion, he appears to be seeking to raise a claim based on new law, as well as an ineffective assistance of appellate counsel claim. For the reasons that follow, Roache's motion to stay his petition is **DENIED, without prejudice**.

### II.  DISCUSSION

**A. Standard of Review**

In **Rhines v. Weber**, the Supreme Court outlined the requirements for the grant of a stay

and abeyance while a habeas petitioner exhausts additional claims in state court. 544 U.S. 269 (2005). The Court determined that: "(1) a stay should not be granted where the unexhausted claim is meritless; (2) 'stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court,' . . . (3) a 'mixed petition should not be stayed indefinitely,' and 'district courts should place reasonable time limits on a petitioner's trip to state court and back,' . . . and (4) 'if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all.'" **Ramchair v. Conway**, 2005 WL 2786975, at *17 (E.D.N.Y. Oct. 26, 2005) (*quoting* **Rhines**, 544 U.S. at 277-78).

In support of the stay, Roache states that there is recent case law which provides a new evidentiary basis for challenging his conviction, but does not identify the law or explain how it affects his conviction. He also indicates that, if the stay were granted, he would raise an ineffective assistance of appellate counsel claim, but provides no details about what the basis of that claim would be. Roache's motion sheds almost no light on these issues. As a result, the Court is left with insufficient information to grant a stay. Therefore, the motion is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Roache's motion to stay is **DENIED**.

**DATED: August 2, 2007**
**New York, New York**

Respectfully Submitted,

*[signature]*

The Honorable Ronald L. Ellis
United States Magistrate Judge

2